UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Tammy Dominguez; Charles Pope; Will Shorey; T.N., a minor, by and through Carrie DuPrey; Carrie DuPrey; Bonnie Lussier; Christopher Lussier; Lynn Sumner, Jr.; A.J. & A.S., minors, by and through Lynn Sumner, Jr.; Diane Ferguson; Mitchell Matteson; Bonnie Rosati; Lea Bissette; C.G. & G.G., minors, by and through Lea Bissette; John MacConnell; Anita MacConnell; Denise Groesbeck; and Anthony Chambers, | Civil Action No. 2:22–cv–124–kjd |
| Plaintiffs, | |
| v. | |
| Town of Fair Haven, Vermont; Joseph Gunter; Christopher Cole; Glen Traverse; Jay Brown; Robert Richards; Richard Goodnough; John Lulek; and Sean Galvin, | |
| Defendants. | |

**NUNC PRO TUNC ORDER GRANTING
PLAINTIFF CHAMBERS' IN FORMA PAUPERIS APPLICATION**
(Doc. 1)

On June 22, 2022, Plaintiff Anthony Chambers, representing himself, filed an

Application for Leave to Proceed in Forma Pauperis (IFP) with supporting Affidavit under

28 U.S.C. § 1915, together with a proposed Complaint.  (Docs. 1, 1-1, 1-7.)  In addition to his

own financial affidavit, his IFP application included financial affidavits of several other

purported plaintiffs (Docs. 1-2 through 1-6), each of whom also filed notices of pro se

appearance (Docs. 2–8).  On June 27, two additional purported plaintiffs filed financial affidavits

and Tammy Dominguez filed an IFP application together with a financial affidavit.  (Docs. 9,

9-1, 10, 10-1.)  Also on June 27, a proposed Amended Complaint was filed.  (Doc. 11.)  On June 28, the Court granted Plaintiff Chambers' IFP application and denied Ms. Dominguez's IFP application stating that "[a]s the Court has granted Anthony Chambers' leave to proceed in forma pauperis as signatory of the proposed complaint, subsequent in forma pauperis motions are unnecessary."  (Text Order 12.)  The proposed Amended Complaint was docketed as the Complaint the same day.  (Doc. 13.)

The Court issues this written Order to clarify that because Plaintiff Chambers is the only signatory to the Complaint, he is currently the only Plaintiff in this case despite the inclusion of other named plaintiffs and the additional notices of pro se appearance.  Should other persons wish to participate in this action as a plaintiff, they must sign the Complaint personally, if unrepresented by counsel, and, if unable to pay the required filing fee, submit an IFP application with supporting affidavit for the Court's consideration.

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  28 U.S.C. § 1654 allows two types of representation for litigants in federal court: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself."  *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); *see also* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel.").  Under this Court's Local Rules, an individual appearing pro se, meaning representing oneself, must appear personally, may not "authorize another person to appear on his or her behalf," and must sign all filings.  D. Vt. L.R. 11(a).

In addition, a minor must have a representative, such as a general guardian, next friend, or guardian ad litem, and, if not an attorney, the representative must have the assistance of counsel.  *See* Fed. R. Civ. P. 17(c).  It is "well[]established" that "a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (holding that non-attorney parent may not bring an action on behalf of his or her child)).  A court may not properly make a merits determination of claims filed on behalf of a minor who is not properly represented.  *See Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009).

Thus, because it appears that neither Plaintiff Chambers nor the purported minor plaintiffs' parents are attorneys, and no person other than Plaintiff Chambers has personally signed the Complaint, the Complaint must be stricken as to all other plaintiffs. *See* Fed. R. Civ. P. 11; *Cheung*, 906 F.2d at 62.  The Clerk's Office is respectfully requested to update the docket to reflect that Plaintiff Chambers is the only current Plaintiff in this case.

If the allegations in the Complaint are substantiated, Plaintiff may have an opportunity to prevail on the merits of this action.  The following paragraphs are intended to assist the self-represented litigant by identifying for him certain requirements of this Court.  Failure to comply with these requirements may result in the dismissal of the Complaint.

Because Plaintiff is not represented by a lawyer, he is reminded that the Federal Rules of Civil Procedure require him to mail to the lawyer or lawyers for Defendants a true copy of anything he sends to the Court.  Failure to do so may result in dismissal of this case or other penalties.  Anything filed with the Court should specifically state that it has been sent to the

lawyer or lawyers for Defendants.  Plaintiff should keep a true copy of everything he sends to Defendants or the Court.

Each party shall keep the Court apprised of a current address at all times while the action is pending.  Notice of any change of address must be filed promptly with the Court and served on other parties.

As this case proceeds, it is possible that Defendants may file a motion for summary judgment.  The Second Circuit requires that a self-represented litigant be provided notice "of the nature and consequences of a summary judgment motion." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988).  In general, a motion for summary judgment made by a defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure is a request for a judgment in the defendant's favor without a trial.  This motion will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle him or her to judgment as a matter of law.  Failure to contradict those factual assertions may result in the entry of summary judgment against the plaintiff.

To contradict or oppose a defendant's motion for summary judgment, the plaintiff must support his claims with admissible evidence.  The plaintiff may do this in one or more of the following ways.  Most typically, the plaintiff may file and serve one or more affidavits or declarations setting forth the facts that would be admissible in evidence that he believes prove his claims or counter the defendant's assertions.  The person who signs each affidavit must have personal knowledge of the facts stated within the affidavit.  Alternatively, the plaintiff may rely on statements made under penalty of perjury in the complaint if the complaint shows that the plaintiff has personal knowledge of the matters stated, and if the plaintiff calls to the Court's

attention those parts of the complaint upon which he relies to oppose the defendant's motion. The plaintiff may also rely upon written records but must prove that the records are what he claims they are. Finally, the plaintiff may rely on all or any part of deposition transcripts, answers to interrogatories, or admissions obtained in this proceeding.

Plaintiff should always file a response to a motion by a defendant. In particular, in the event a defendant files a motion for summary judgment, or moves to dismiss the Complaint, Plaintiff's failure to respond may result in the dismissal of the case.

## Conclusion

In accordance with the above, it is hereby ORDERED that because Plaintiff Chambers' Application for Leave to Proceed in Forma Pauperis has been GRANTED, the Complaint has been filed and Plaintiff Chambers shall not be required to pay the fees for service of the Complaint. Service of process shall be undertaken pursuant to 28 U.S.C. § 1915(d), and if necessary, shall be effected by the U.S. Marshals Service. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

If any other individuals wish to join Chambers in this action as plaintiffs, then a Second Amended Complaint should be filed, naming each proposed plaintiff in the caption. In addition, each potential plaintiff must sign the Second Amended Complaint if he or she is unrepresented by counsel and, if unable to pay the required filing fee, submit an IFP application with supporting affidavit for the Court's consideration.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 15th day of July 2022.

*/s/ Kevin J. Doyle*
United States Magistrate Judge