U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2024 JUN 21 AM 9: 31
CLERK
KP

UNITED STATES FEDERAL COURT for the
DISTRICT OF VERMONT

Docket No.

2:22-CV-00124
KJD

ANTHONY CHAMBERS,

Plaintiff

v.

TOWN OF FAIR HAVEN, VERMONT
JOSEPH GUNTER, TOWN MANAGER, Official and Individual Capacity,
SELECTBOARD MEMBERS CHRISTOPHER COLE, CHAIRPERSON, Official and Individual Capacity,
GLEN TRAVERSE, Official and Individual Capacity,
JAY BROWN, Official and Individual Capacity,
ROBERT RICHARDS, Official and Individual Capacity,
RICHARD GREENOUGH, Official and Individual Capacity and
SEAN GALVIN, FAIR HAVEN CONSTABLE,

Defendants

**PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES THE PLAINTIFF, Anthony Chambers, Pro - se and hereby files this Amended Complaint and in support states as follows:

**GENERAL AVERMENTS**

1. The Plaintiff, Anthony Chambers, is an adult and a resident of 7 Green Mountain Mobile Manor, Fair Haven, Vermont and lived there when the water was shut off by the Town of Fair Haven, Vermont, June, 1 - 3, 2022.
2. The Town of Fair Haven is a municipality in Vermont.
3. Joseph Gunter is the Town Manager of the Town of Fair Haven, Vermont.
4. This Court has jurisdiction because what happened was in the State of Vermont and involves the violation of 1983 Civil Rights for lack of Procedural and Substantive Due

Process Notice of the 14th Amendment of the Constitution, Equal Protection violations and involves the protected property right to water. 28 U.S.C. 1331, 28 U.S.C. 1334 and 42 U.S.C. 1983.

5. The landlord to the Green Mountain Mobile Manor was behind in the water bill to the Town of Fair Haven, Vermont in or about May and June,2022.

6. The park was owned by Rodney White, deceased and his partner, Debby Eddy was handling his financial affairs for the park.

7. The residents of the park got a Notice from the Town that the water was going to be shut off but the Notice was not in the full legal form as required by 24 V.S.A. 129, Uniform Water and Sewer Disconnect and the Fair Haven Amended Water Ordinance.

8. On May 13, 2022 a letter from the Town's Account Receivable Clerk was sent to Plaintiff letting him know of the potential water shut off and his opportunity to be heard by the Selectboard on May 31, 2022.

9. The balance due on the water bill as of May 13, 2022 was $18,506.38 and the amount with the reconnection fee was $18,531.38.

10. The residents of the park did not have that kind of money so attending the meeting would have been futile to keep the water from being disconnected. The people in the park are not legally responsible for paying the water bill and the Town should not put the burden on them to pay the delinquent water bill.

11. The Town shut the water off to the park June 1, 2022 - June 3, 2022.

12. Christopher Cole, Glen Traverse, Jay Brown, Robert Richards and Richard Greenough were elected Selectboard members for the Town of Fair Haven, Vermont when the

water was shut off to the park.

13. Sean Galvin was the elected Town Constable for the Town of Fair Haven, Vermont when the water was shut off to the park.

14. Selectboard Members Christopher Cole and Glen Traverse were on the Board and approved the Amended Water Ordinance, March, 2021 and had knowledge or should have had knowledge of 24 V.S.A. 129 Vermont Uniform Water and Sewer Disconnect as it was part of the Fair Haven Water Ordinance.

15. Selectboard Members Christopher Cole and Glen Traverse were on the Selectboard and approved to have the water shut off on June 1, 2022 despite their imputed knowledge of 24 V.S.A. 129 Vermont Uniform water and Sewer Disconnect and the Fair Haven Water Ordinance and therefore had personal involvement with the violations of Constitutional Procedural and Substantive Due Process and Equal Protection Rights of the 14th Amendment of the Constitution.

16. Town Manager, Joseph Gunter, was present at the Selectboard meeting when the Amended Fair Haven Water Ordinance was approved, March, 2021, and had knowledge or should have had knowledge of 24 V.S.A. 126 Vermont Uniform Water and Sewer Disconnect as it was part of the Fair Haven Water Ordinance.

17. Town Manager, Joseph Gunter, was present and actively took part in the May 31, 2022 discussion concerning shutting off the water to the park on June 1, 2022. He was in favor of shutting the water off and had personal involvement with the violations of Constitutional Procedural and Substantive Due Process and Equal Protection Rights of the 14th Amendment of the Constitution.

18. Selectboard Members Christopher Cole, Glen Traverse, Robert Richards, Jay Brown and Richard Greenough were members of the Selectboard on March 31, 2022 when it was agreed by the Selectboard "to shut the water off tomorrow." (June 1, 2022)

19. Selectboard Members Christopher Cole, Glen Traverse, Robert Richards, Jay Brown and Richard Greenough, knew or should have known the contents of the Fair Haven Water Ordinance and 24 V.S.A. 129 Vermont Uniform Water and Sewer Disconnect contained in that Ordinance since they are governing members of the Town. They should be responsible to know what they are agreeing to and follow the law.

20. Selectboard Members Christopher Cole, Glen Traverse, Robert Richards, Jay Brown and Richard Greenough by their supervisory and authoritative actions as the governing body to give authority to shut the water off, had personal involvement with the Violations of Constitutional Procedural and Substantive Due Process and Equal Protection Rights of the 14th Amendment of the Constitution.

21. It was at the May 31, 2022 Selectboard meetingTown Manager, Joseph Gunter, and Selectboard member Glen Traverse and Jay Brown were very vocal about shutting the water off to the park.

22. Town Manager, Joseph Gunter, was the individual who presented the Fair Haven Amended Water Ordinance to the Selectboard for approval in March, 2021 and had active personal involvement and knowledge with assisting for its approval.

23. Town Manager Joseph Gunter, and Selectboard Members, Christopher Cole, Glen Traverse, Jay Brown, Robert Richards, Richard Greenough knew or should have known that the State's and Town's Notice Procedures for water disconnection needed to be

followed to be in compliance with the law and the Town's own Ordinance. The Town did not follow the law.

24. This Court has jurisdiction because what happened with the water being shut off happened was in the State of Vermont and involves the violation of Plaintiff's United States Federal 14th Amendment Constitutional Procedural, Substantive, Equal Protection and other civil rights.
25. Judge Christina Reiss said in the case of Brown v. Barre tenants have a protected property right to water and the city had to give proper notice following the Vermont Law Disconnect Statute.
26. The government officials were acting under color of law.
27. The Town of Fair Haven, Vermont shut the water off to the park and the notice I got was not in the form of the Statute and did not provide all the information it was supposed to by law. The notice did not follow the law and my "Notice" for 14th Amendment Due Process was violated with respect to my protected property right to water.
28. The Town of Fair Haven sent Law Enforcement. Constable, Sean Galvin, to the park with Health Officer John Lulek and told me I had 15 days to move.
29. The Town Manager, Joseph Gunter, was well aware the water was being shut off because it was by consensus of the Selectboard at a meeting on May 31, 2022, Mr. Gunter and the Selectboard were in agreement to shut the water off to the park.
30. The Fair Haven Town Water Ordinance for Water Shut Off was Amended on or about March 23, 2021 and the member of the Selectboard at the time were Chrispopher Cole, Chairperson, Glen Traverse, Jay Brown, Robert Richards and Richard Greenough.

31. The Fair Haven Water Ordinance, Article 9, Disconnection of Service, says it must follow 24 V.S.A. 129, the Uniform Water and Sewer Disconnect.

32. By means of their signatures on the Water Ordinance, Christopher Cole and Glen Traverse, had knowledge, or should have had knowledge, of the Vermont Law they were to adhere to, 24, V.S.A. 129.

33. It was the Town of Fair Haven, Vermont who was the cause of the hardship and emotional suffering I endured.

34. Plaintiff has standing in this lawsuit because it would have been futile for Plaintiff to attempt to pay $18,531.38 of a delinquent water bill for which he is not legally obligated to pay. To submit to the hearing procedures would have been futile as decided by the Court in Winston v. City of Syracuse, 887 F.3d 553, 566 (2d. Cir. 2018).

35. The practice of the Town of Fair Haven in shutting the water off to tenants when a landlord fails to pay the water bill is not rationally related to a government interest, Winston and is in violation of Constitutional Procedural and Substantive Due Process.

36. The shutting off of water by the Town of Fair Haven made it very difficult to bathe, do dishes, cook, wash clothes, take medicine, and caused sleepless nights, anxiety, emotional upset, and worry then and still now.

37. The shutting off of water was bad enough yet when Law Enforcement Fair Haven Constable Sean Galvin came to the park, it was a demonstration of State authority power and made it worse. It was scary.

## VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS

38. Plaintiff repeats, re - avers and incorporates by reference as if fully set forth herein,

paragraphs 1 - 37 of Plaintiff's Complaint.

39. Plaintiff asserts a Procedural Due Process violation and to satisfy the two elements of such a claim, 1) the Plaintiff states he has a protected property interest in water service from the Town and 2), the Plaintiff was deprived of the protected water property interest when the Town shut the water off without complying with the law of Vermont Disconnect Statute 24 V.S.A. 129 and the Town's own Water Ordinance which cites therein 24 V.S.A. 129.

40. Plaintiff was not provided with a full notice about water disconnection concerning health exceptions and risk of health hazard. Also, the first notice the Plaintiff got omitted reference to the rights of a tenant to request and pay for continued service from the utility.

41. The first Notice of Disconnect from the Town of Fair Haven did not satisfy Federal Procedural Due Process and Section 1983. Brown v. City of Barre, VT, 878 F. Supp. 2d 469, 476 (D. VT 2012) (24 V.S.A. 3301)

**VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS**

42. Plaintiff repeats, re - avers and incorporates by reference as if fully set forth herein, Paragraphs 1 - 37 of Plaintiff's Complaint.

43. Please take judicial notice water is very important to living conditions, survival, health and cleanliness. It has been determined by Courts there is a protected property right to water.

44. Plaintiff never had a contractual relationship with the Town of Fair Haven to pay the water bill. It was the landlord who was legally responsible for paying the water bill and

was behind in payment.

45. The Town of Fair Haven was expecting payment from the tenants to prevent the disconnection of water. At the May 17, 2022 Selectboard meeting during "roundtable" it was stated by Chairperson Christopher Cole that the tenants are the only ones who can come before the Selectboard and pay on behalf of the land owner.

46. It is clear from the words of Selectboard Chairperson Christopher Cole the Town expected the tenants who have no legal or contractual obligation to pay the water bill, to pay the bill. This is a Constitutional Substantive Due Process Violation.

**VIOLATION OF CONSTITUTIONAL 14th AMENDMENT EQUAL PROTECTION CLAUSE**

47. Plaintiff repeats, re - avers and incorporates by reference as if fully set forth herein, Paragraphs 1 - 37 of Plaintiff's Complaint.

48. Plaintiff never had a contractual relationship with the Town of Fair Haven to pay the water bill. It was the landlord who was legally responsible for paying the water bill and was behind in payment

49. The tenants of the park can not open water accounts in their own names. There is no rational basis for the Town to attempt to collect delinquent water debt from a tenant who has no contract with the Town. Tenants whose landlords are current in the water bill do not have their water shut off.

50. The Town shut the water off to the Plaintiff tenant, who has no legal obligation to the Town to pay the bill and penalized an innocent third party who is not the debtor. There is no rational basis to compel a tenant of a delinquent landlord to pay the landlord's bill or have their water shut off when a tenant of a current landlord is not penalized. Both

classes of tenants are "equal" in that neither has a contract with the Town nor is legally compelled to pay the delinquent water bill.

51. The Town of Fair Haven, by and through the words and acts of Town Manager, Joseph Gunter and the acts of the Selectboard, has treated two classes of tenants differently and violated the United States Constitution 14th Amendment Equal Protection Clause.

**PUNITIVE DAMAGES and INTENTIONAL and NEGLIGENT INFLICTION OF HARM**

52. Plaintiff repeats, re - avers and incorporates by reference as if fully set forth herein, Paragraphs 1 - 37 of Plaintiff's Complaint.

53. Punitive damages may be found by a Court or jury if it is found that the Defendant's conduct that harmed the Plaintiff was in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate a Plaintiff's rights under Federal Law.

54. Plaintiff suffered hardship, anxiety, sleeplessness, frustration all because the named Defendants violated his rights. It is explained above they had personal knowledge of the law and recklessly disregarded the health and safety of the Plaintiff.

55. The act of shutting the water off was intentional, pre - planned and oppressive. The act had foreseeable negative, harmful consequences yet the Town officials, in their own capacity totally disregarded the health, safety and well - being of the Plaintiff and put the dollar bill first.

56. These acts of shutting the water off rise to the level of punitive damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

A) Award damages from the Town of Fair Haven, Vermont to the Plaintiff in excess of the jurisdictional minimum;

B) Award Plaintiff compensatory and special damages against Joseph Gunter, Christopher Cole, Glen Traverse, Jay Brown, Robert Richards and Richard Greenough in their respective individual capacity;

C) Award Plaintiff punitive damages against Joseph Gunter, Christopher Cole, Glen Traverse, Jay Brown, Robert Richards and Richard Greenough in their respective individual capacity;

D) Award interest;

E) Plaintiff demands a trial by jury and,

F) Grant such other and further relief as this Honorable Court deems equitable and just.

Respectfully submitted,

Dated: 06.21.2024

Anthony Chambers
7 Green Mountain Mobile Manor
Fair Haven, Vermont 05743

## CERTIFICATE OF SERVICE

I hereby certify that my filings have been approved for In Forma Pauperis and I respectfully request this Honorable Court provide for service on the following individuals whereas I am unable to pay. Document #14 is the Approval of In Forma Pauperis. Thank you.

**There are Selectboard Meetings every other Tuesday at the Town Hall, Fair Haven, Vermont at 7:00 p.m. (June 25, July 9, July 23, etc.) The Marshall might be able to serve Mr. Richards and Mr. Greenough there. Mr. Cole is no longer on the Selectboard and would need to be served elsewhere.**

| | |
|---|---|
| Christopher Cole | 6 Capitol Hill, Fair Haven, Vermont 05743 |
| Robert Richards | 59 South Main Street, Fair Haven, Vermont 05743 |
| Richard Greenough | 15 Muscovey Drive, Fair Haven, Vermont 05743 |

A copy of the foregoing was also mailed this same date via United States mail, first class, postage pre- paid to Atty. Kevin L. Kite, 64 Court Street, Middlebury, Vermont. 05753

Dated: 06.21.2024

Anthony Chambers
Anthony Chambers